UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICKI NAZAROFF, KIM DE SANTO and SONIA ORTEGA,

       Plaintiff,

  v.

AMERIQUEST MORTGAGE COMPANY, INC.; RICARDO PACHECO, an individual; and DOES 1 through 50 inclusive,

       Defendants.

NO. CIV. S-06-1853 WBS KJM

MEMORANDUM AND ORDER RE: MOTION TO REMAND, REQUEST FOR COSTS AND EXPENSES, AND TO COMPEL ARBITRATION AND STAY PROCEEDINGS

----oo0oo----

Plaintiffs Vicki Nazaroff, Kim De Santo, and Sonia Ortega filed suit against defendants Ameriquest Mortgage Company, Inc., and Ameriquest manager Richard Pacheco claiming that defendants' conduct violated numerous provisions of the California Fair Employment and Housing Act ("FEHA") as well as state tort law.  Defendants removed the case to this court, and plaintiffs now seek to remand, arguing that removal was improper because this court lacks jurisdiction.  For the following

1

1 reasons, this court will grant plaintiffs' motion to remand.

2 I.   <u>Factual and Procedural Background</u>

3       Plaintiffs were employed by defendant Ameriquest Mortgage Company, Inc. ("Ameriquest"), one of the nation's oldest and largest home-equity lenders. (Compl. ¶ 12.) They were hired in 2002 and 2003[1] to work in different capacities under the direct supervision of Ameriquest manager, defendant Richard Pacheco. (Compl. ¶¶ 11, 17, 25, 36.) Over the course of several years, plaintiffs claim that they were the victims of systematic sexual harassment, retaliation, and gender-based discrimination, caused by disparate terms of employment and the creation of a hostile work environment. (Compl. ¶¶ 18, 26, 37.)

13      In particular, plaintiffs allege they were told lewd jokes and sexual fantasies by co-workers, sent e-mails that included pornographic photos and explicit content, and ridiculed on account of their sex and age. (Compl. ¶¶ 19, 20, 21.) Plaintiffs further allege that, when they brought this conduct to the attention of their manager, defendant Pacheco, he said he would remedy the situation, but took no action to do so. (Compl. ¶¶ 20, 29.) Finally, plaintiffs claim that Ameriquest consistently denied or delayed promotion opportunities for plaintiffs, solely on the basis of their sex. (Compl. ¶ 44(g).) In June to July 2005, plaintiffs resigned as a result of the alleged systematic harassment. (Compl. ¶¶ 17, 25, 36.)

---

[1] Vicki Nazaroff began working for Ameriquest on or about January 2003 as an Account Executive. (Compl. ¶ 17.) Kimberly De Santo began working for Ameriquest on or about October 2003 as a loan processor. (Compl. ¶ 25.) Sonia Ortega began working for Ameriquest on or about September 9, 2002 as an Account Executive. (Compl. ¶ 36.)

    In approximately April or May, 2006, plaintiffs filed a charge based on the above conduct with the U.S. Equal Employment Opportunity Commission ("EEOC").  (Brandon R. McKelvey Decl. ¶¶ 6-7.)  This was presumably done because, in order to be able to file suit in federal or state civil court, a plaintiff must first exhaust their administrative remedies by filing a charge with either the EEOC or Department of Fair Employment and Housing ("DFEH") respectively, and then receiving a right-to-sue letter.  42 U.S.C. § 2000e-5; Cal. Gov't Code § 12960.  On May 2, 2006, the EEOC sent a letter in response, indicating that it would be processing the complaint, and that a copy of the charge was automatically filed with FEHA in order to "protect [their] right to sue in state court."  (Id. Exs. A, B at 1.)  Plaintiffs additionally received on May 2, 2006, a "right-to-sue" letter from FEHA, authorizing a civil action based on the allegations included in their charge.  (Id. Exs. A, B at 2.)

    On May 30, 2006, plaintiffs filed a First Amended Complaint in the Sacramento County Superior Court setting forth the following seven causes of action: (1) gender discrimination and harassment in violation of FEHA; (2) sexual harassment and hostile work environment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent in violation of FEHA; (5) wrongful constructive termination in violation of public policy under FEHA; (6) intentional infliction of emotional distress; (7) negligence and negligent infliction of emotional distress.  (Compl.)  Defendants removed the case to this court on August 15, 2006, arguing that plaintiffs' submission of their charges to the EEOC mandates that they bring suit in federal

3

1 court under Title VII, and therefore, under 28 U.S.C. 1441(b), a
2 "substantial federal question" is raised.  (Notice of Removal
3 2:24-25.)  Plaintiffs now move to remand the case to state court
4 pursuant to 28 U.S.C. 1447(c), and request costs and attorneys
5 fees.  (Pls.' Mot. to Remand.)
6 II. Discussion
7         Removal is appropriate when the complaint contains a
8 claim that "aris[es] under the Constitution, laws, or treaties of
9 the United States."  28 U.S.C. §§ 1331 & 1441(b).  If the
10 complaint does not contain such a claim, then "the district court
11 lack[s] subject matter jurisdiction, and the action should [be]
12 remanded to the state court."  Toumajian v. Frailey, 135 F.3d
13 648, 653 (9th Cir. 1998) (citing 28 U.S.C. 1447(c)).  "Federal
14 jurisdiction must be rejected if there is any doubt as to the
15 right of removal in the first instance." Gaus v. Miles, Inc., 980
16 F.2d 564, 566 (9th Cir. 1992).  In determining whether a
17 complaint contains a federal claim, courts must apply the "well-
18 pleaded complaint rule."  Id. (citing Metro. Life Ins., Co. v
19 Taylor, 481 U.S. 58, 63 (1987)).
20     A. Well-Pleaded Complaint Rule
21         A cause of action arises under federal law only when
22 "the plaintiffs' well-pleaded complaint raises issues of federal
23 law."  Metro. Life, 481 U.S. at 63.  For removal to be
24 appropriate, the federal claim must appear on the face of the
25 complaint. Franchise Tax Bd., 463 U.S. at 9-10.  Moreover, the
26 federal cause of action plead must be "unaided by the answer or
27 by the petition for removal."  Gully v. First Nat. Bank in
28 Meridian, 299 U.S. 109, 113 (1936).

4

In this case, all of plaintiff's claims are plead as California state law causes of action. The first five causes of action allege violations of FEHA, a California state statute, while the remaining two causes of action for infliction of emotional distress sound in state tort law. (Compl.) The only arguable reference in the entire complaint to federal law is that, in an attempt to exhaust state administrative remedies, "[p]laintiffs have filed timely charges with the United States Equal Employment Opportunity Commission. . . ." (Compl. ¶ 7.) A mere "reference" such as this is insufficient to constitute a well-pleaded federal complaint. Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996). "[S]ince the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.'" Holmes Group, Inc. v. Vornado Air Circulation Sys. Inc., 535 U.S. 826, 831 (2002) (citing Caterpillar Inc., v. Williams, 482 U.S. 386, 392 (1987)).[2]

B. Artful Pleading Doctrine

Even if a federal question does not appear on the face

---

[2] There exists a corollary to the well-pleaded complaint rule (called the "complete preemption" doctrine), where some courts have found that the "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." Rains, 80 F.3d at 344 (citing Metro. Life Ins. Co., 481 U.S. at 65). The Ninth Circuit and the statutory language of Title VII make clear that Title VII does not preempt complementary state law. Id. (citing Cal. Fed. Sav. and Loan Ass'n v. Guerra, 479 U.S. 272 (1987)) ("Title VII does not completely preempt state law. Rather Title VII only preempts state law inconsistent with it."); 42 U.S.C. § 2000e-7 (stating that nothing under that section "shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State").

5

of the complaint, however, there are several exceptions to the general rule that allows federal courts to retain jurisdiction. Rains v. Criterion Sys., 80 F.3d 339, 343 (9th Cir. 1996). Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction simply by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984).

        Plaintiffs' five statutory claims under FEHA are based on violations of California Government Code § 12965(b), which accordingly authorizes civil suits in state courts. Cal. Gov't Code § 12965(b) ("[T]he person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization, or employment agency named in the verified complaint within one year from the date of [a right-to-sue] notice. . . . The superior and municipal courts of the State of California shall have jurisdiction of those actions, and the aggrieved person may file in any of these courts."). The existence of similar provisions in Title VII, which would allow plaintiffs to also allege violations of federal law, is not sufficient to demonstrate that plaintiffs' claims are necessarily federal. Rains, 80 F.3d at 344 (noting that just because "the same facts could have been the basis for a Title VII claim does not make [a state claim] into a federal cause of action"). Moreover, plaintiffs' last two claims for infliction of emotional distress are state law claims, a fact not disputed by defendant. Therefore, the artful pleading doctrine is inapplicable to plaintiffs' complaint.

6

1    C. <u>Substantial Disputed Federal Question</u>
2           Finally, even if a federal claim is not plead, and the
3    plaintiff has not engaged in artful pleading, federal
4    jurisdiction may still be appropriate if it "appears that some
5    substantial, disputed question of federal law is a <u>necessary</u>
6    element of one of the well-pleaded state claims. . . ." <u>Rains</u>,
7    80 F.3d at 345 (citing <u>Franchise Tax Bd.</u>, 463 U.S. at 13)
8    (emphasis in original).  However, "[w]hen a claim can be
9    supported by alternative and independent theories - one of which
10   is a state law theory and one of which is a federal law theory -
11   federal question jurisdiction does not attach because federal law
12   is not a necessary element of the claim." <u>Id.</u> at 346.
13          The primary thrust of defendants' argument for removal
14   is that by filing their original charge only with the EEOC,
15   plaintiffs exhausted their <u>federal</u> administrative remedies but
16   failed to exhaust their <u>state</u> administrative remedies.  (Defs.'
17   Opp'n to Pls.' Mot. to Remand 2-4.)  Therefore, since plaintiffs
18   would only be able to successfully bring a case in federal court,
19   defendants claim that federal law is necessary to plaintiffs'
20   claims and federal question jurisdiction has been created.  (<u>Id.</u>)
21   Defendants' argument that plaintiffs' filing with the EEOC did
22   not constitute an exhaustion of state administrative remedies may
23   or may not be valid.  However, defendants' reasoning ignores the
24   fundamental and threshold fact that jurisdiction flows from the
25   <u>claims</u> <u>in</u> <u>the</u> <u>complaint</u>.  <u>See</u> <u>generally</u> <u>Merrill Dow</u>, 478 U.S.
26   804; <u>Franchise Tax Bd.</u>, 463 U.S. 1.  Plaintiffs' failure to
27   exhaust state administrative remedies affects only whether suit
28   in state court is appropriate--it does not create jurisdiction in

7

federal court.  Therefore, this court concludes that it does not have jurisdiction over this matter, and the case must be remanded to state court.[3]

D. Attorney's Fees

Plaintiff additionally requests an award of attorneys' fees and costs associated with this motion.  (Pls.' Mot. to Remand 7).  Even if a district court finds that remand is required, it retains jurisdiction to consider an award of attorneys' fees.  28 U.S.C. § 1447(c).  District courts have wide discretion to award fees under § 1447(c) based on whether removal was improper.  Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992).  In general, "absent unusual circumstances, fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 126 S.Ct. 704, 708, (2005).

This court is mindful of the fact, repeatedly cited by defendants, that plaintiffs filed their charge with the EEOC, a federal administrative agency.  However, as explained above, plaintiffs' decision to do so has absolutely no bearing on this court's jurisdiction, a fact which would surely could have been revealed with a minimal amount of research.  Removal in this case

---

[3] Both parties devote an extensive portion of their briefs on this motion to arguing about whether or not filing a charge with the EEOC constitutes an exhaustion of state administrative remedies.  The issue presently before the court, however, is whether or not the federal court has jurisdiction to hear the case at all.  The question of exhaustion of state remedies is secondary to the threshold question of jurisdiction.  Therefore, since this court finds that removal was improper, it need not, and in fact cannot, address whether the filing of a charge with the EEOC is sufficient to exhaust state administrative remedies.

was clearly improper, as there is no objectively reasonable basis in law for asserting that federal question jurisdiction exists, and thus an award of attorneys' fees is appropriate.[4]

### E. Motion to Compel Arbitration and Stay the Proceedings

Also currently before this court, under separate motion, is defendants' motion to compel arbitration and stay the proceedings pursuant to the Federal Arbitration Act ("FAA"). (Pls.' Mot. to Compel Arbitration). The FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, <u>save for such agreement, would have jurisdiction</u> under Title 28." 9 U.S.C. § 4 (emphasis added). This section "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute. . . ." <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25 n.32 (1983); <u>see also</u> <u>G.C. & K.B. Inv., Inc. v. Wilson</u>, 326 F.3d 1096, 1103 (9th Cir. 2003); <u>Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.</u>, 276 F.3d 683, 685 (5th Cir. 2001). For the reasons explained above, this court lacks subject matter jurisdiction over this action, and thus the court will not reach the merits of defendants' motion to compel arbitration and stay the proceedings.

///
///

---

[4] Because defendant did not object to the plaintiffs' calculation of the attorneys' fees incurred in preparing plaintiffs' motion for removal, the court assumes the amount proposed by the plaintiffs is reasonable.

9

1        IT IS THEREFORE ORDERED that plaintiffs' motion to
2   remand the action to state court be, and the same hereby is,
3   GRANTED, and this matter is hereby REMANDED to Superior Court of
4   the State of California in and for the County of Sacramento.
5        IT IS FURTHER ORDERED that plaintiff recover its
6   reasonably incurred attorney fees and costs in the amount of
7   $2,750.00.
8        IT IS FURTHER ORDERED that, because this court lacks
9   jurisdiction to render a decision on the merits of the motions,
10  defendants' motion to compel arbitration and stay the proceedings
11  be, and the same hereby is, DENIED.
12  DATED:  October 4, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE